UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

JESUS A. GARCIA, an individual,
Plaintiff,
v.
 NELNET, INC. a
Foreign Profit Corporation

WINDHAM PROFESSIONALS, INC., a
New Hampshire Corporation,
        Defendant.

--------------------------

FILED by _JHR_ D.C.

MAY 03 2013

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**COMPLAINT**

Plaintiff JESUS A.GARCIA ("Garcia") files this Complaint against Defendant

WINDHAM PROFESSIONALS, INC. AND NELNET, INC. for violations of the Fair Debt

Collection Practices Act, and says:

1.      This action seeks redress for the Defendant's illegal practices concerning

the collection of debts, in violation of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692, et seq.

2.      Defendant violated 20 U.S.C.  Title 34, Section 682.411 § 682.411(b)(3)-

Lender due diligence in collecting guaranty agency loans.

3.      Defendant violated the FDCPA by, among other things, contacting a

4.      Debtor known to be represented by counsel, attempting to collect a

consumer debt after a request for verification of debt was made, failing to comply with

the Plaintiff's request for verification of the debt, and attempting to collect amounts not

owed .

1

SCANNED

<u>The Parties</u>

5.      Plaintiff. JESUS A. Garcia is a citizen of the United State who resides in Miami-Dade County, Florida.

6.      Defendant NELNET, Inc. is "a lender" as the term is defined by 1692a (6) (A) and a foreign for Profit Corporation, hereafter The Lender. With its principal office at 121 South 12th Street, Suite 201 Lincoln NE, 68508 which is authorized to do business, and is doing business, in Florida. The principal purpose of NELNET Inc is to lend and administer student loans and regularly fails to follow 20 U.S.C.  Title 34, Section 682.411 § 682.411(b)(3)- Lender due diligence in collecting guaranty agency loans.

7.  Defendant Windham Professionals, Inc., is a professional corporation organized under the laws of the State of New Hampshire with its principal office at 380 Main Street, Salem, New Hampshire 03079, which is authorized to do business, and is doing business, in Florida.  The principal purpose of Windham Professionals, Inc. is the collection of debts using the mails and telephone, and regularly attempts to collect debts alleged to be due another.

<u>Jurisdiction and Venue</u>

8.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k (d), and diversity jurisdiction under 28 U.S.C. § 1331, §1337 and 15 U.S.C. §1692k of the Fair Debt Collection Practices. Consumer Collection Practices Act FLA. 559.72

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that gave rise to this action occurred, in substantial part, in this district.

<u>Factual Allegations</u>

2

10.    On December 30, 2008 Garcia lost his employment after 20 year of services and remained unable to find employment for the next two years.

11.    On  September 2009, Mr. Garcia and his minor son had to move in to his elder mother's house due to financial hardship.  Mr. Garcia cares for his elder mother

12.    On September 2009 Mr. Garcia inform all his creditors that he could not pay the loan due to financial hardship and his inability to find employment due to the collapse of the economic situation and he was filing for bankruptcy.

13.    On or about December 21, 2009 the all his debt were extinguished and discharged by the United State Bankruptcy Court.

14.    The lender violated The United State Code 20 § 1095(a), Defendant was aware that Mr. Garcia was in financial hardship and chose or failed to process and follow due diligence procedure detailed in federal regulation when filing a claim on a delinquent loan knowing that non compliance to follow due diligence could result in the loss of guarantee by a federal government. _See unified student loan policy " Common Manual"_

15.    On November 30, 2011 Mr. Garcia was reinstated to his employment after two years of labor arbitration grievance.

16.    Windham Professional inc., hereafter, Defendant contacted Mr. Garcia alleging that Garcia defaulted on the terms of a "note for a student loan".

17.    Immediately thereafter defendant engaged in aggressive collection frenzy repeatedly contacted Mr. Garcia at his employment knowing that Mr. Garcia was recently reinstated to his job by a labor arbitrator, knowing that such call was jeopardizing his job, knowing that such calls were inconvenient and in violation of the employer's policy.

3

18.     Defendant delivered two separate notices regarding the same alleged student loan debt to Garcia's previous lawyer in an attempt to collect the above-referenced debts.

19.     On one notice dated 08/13/2012 the total amount alleged to be now due and owing according to Defendant's claims was $15,034.97 on a second note dated 12/05/2012 the amount of the current balance was $17,741.16 on both of the notices Defendant impersonated the National Student Loan Program hence misleading representations.

20.     On April, 2013 Defendant delivered via E-Mail a third notice purporting to impersonate enclose information previously requested on November 27, 2012 by a previous counsel to plaintiff. Attached was an application referencing a request for a loan, and a portion of a none-legible document, purporting to be a loan note stating that defendant has not been provided with the original document.

21.     Additionally, whatever interest has been charged seems to be compounded, interest on interest, and reaching or surpassing Florida's usury limits.

22.     Defendant further fails to verify or establish any basis for "collection costs" and "other charges," which appear to be unreasonably high, unauthorized charges.

23.     Garcia immediately informed the Plaintiff that the loan that they were intending to collect is not his loan and he wanted any documentation authorizing contact with Mr. Garcia or his employer in order to collect a debt, provide a copy of the promissory note evidencing the loan from the lender sign by Mr. Garcia, the, payments made to the loan and documents used by the lender to file a claim on the loan.

4

24.    Despite Garcia's formal request for verification, and without responding to it, Defendant continued to attempt to collect the debt and contacted him at his place of employment.

25.    On November 5, 2012 Defendant contacted Mr. Garcia's employment stated and alleged to have an interest on the above-mentioned loan and demanded garnishment of Mr. Garcia's salary by illegal means to collect $ 18,120.00.

26. On December 2012 Garcia's employer complied with the garnish request and is presently garnishing his salary. This conduct violates Federal law. Mr. Garcia was not notified of the intention to garnish.

27. The current amount of the garnishment exceeds the 15% amount allowed by law.

28. As a result of Defendant's illegal conduct, Garcia has been forced to file this complaint hire the services of counsel and to pay them a reasonable fee. Nothing has been provided indicating that defendant has any authority to collect or intend to collect on this debt.

**The Parties**

29.    Garcia estates allege and incorporates herein by reference paragraphs 1 through 29 as is set forth fully in this Count.

30.    Garcia is a "consumer" as that term is defined by § 1692a (3) of the FDCPA in that the alleged debt that Defendant seeks to collect from him is a consumer debt purportedly owed to NSLP.

5

31.    Defendant NELNET, Inc is "a lender" as that term is defined by 1692a (6) (A) a Foreign for Profit Corporation.

32.    Defendant Windham Professional, Inc. is a "debt collector" as that term is defined by § 1692a (6) of the FDCPA in that it is regularly engaged for profit in the collection of debts allegedly owed by consumers.


## COUNT I

### Violations of the Fair Debt Collection Practices Act (FDCPA)


33.    Defendant violated The United State Code 20 § 1095(a), Wage Garnishment Requirements Pursuant to United State Code 20 § 1095(a), Wage Garnishment Requirements, Title 34, Section 682.411 § 682.411(b)(3)- and other applicable sections and Federal Laws and Regulations:

34.    Section 1692c (a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of the debt if the debt collector knows the consumer is represented by an attorney with respect to such debt. Defendant violated section 1692(c)(a)(2) when it sent several collection letters to Garcia's mother's residence in an attempt to collect on the debt which was discharged by a federal court. Defendant knew, or should have known, that an attorney before the Bankruptcy Court represented Garcia.

35.    Defendant violated section 1692(g)(b) of the FDCPA, which requires that a debt collector cease collection of the debt once the consumer notifies it in writing that the debt is disputed, when it continued to attempt to collect the debt prior to providing Garcia with verification of the debt. Specifically, Garcia delivered written notice to

6

Defendant that the debt was disputed and requested verification of the debt on May 10, 2012.

36.    Defendant did not deliver verification of the debt but, instead, delivered another collection letter to counsel on December 5, 2012.

37.    Defendant further violated the FDCPA by r e f u s i n g to deliver any verification of the debt because they d o n ' t   h a v e a copy of the Notes, the amount of debt owed, or the terms of the note, the interest rate charged, a basis for the collection charges, or any other information necessary to verify that Defendant is legally authorized to collect the alleged debt. Furthermore, the information supplied showed that the alleged lender was a financial institution

38.    Defendant also violated Sections 1692e, which prohibits the use of false or misleading representations or means in connection with the collection of a debt, and 1692e(2)(A), which prohibits Defendant from falsely representing the character, amount, or legal status of any debt, where Defendant attempted to collect a debt on behalf of a party who could not and cannot establish its entitlement to collect the alleged debt, using collection letters that alleged a debt for principal, interest charges, collections costs and other fees which are not owed, and while a lawsuit remained pending for the collection the same alleged debt.

39.    Defendant violated Section 1692e (2)(B), which prohibits the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt," where Defendant is attempting to collect the outrageous amount of approximately $18,000.00 in "collection costs" without the legal authority to do so.

7

40.      Defendant violated section 1692e (5) of the FDCPA, which prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken," where it has attempted to collect a debt, including interest and collection charges which are not due and owing, for a party whom cannot show a legal entitlement to any amounts, and therefore, any attempted collection of such amounts cannot legally be taken.

41.      Defendant violated section 1692f (1), which prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," where it has attempted to collect a principal amount, interest rate, collections charges and other fees which are not expressly authorized by any agreement creating the alleged debt and Wage Garnishment Requirements

42.      Defendant Nelnet Inc. the Lender violated The United State Code 20 § 1095(a), Wage Garnishment Requirements Pursuant to United State Code 20 § 1095(a), Wage Garnishment Requirements, Title 34, Section 682.411 § 682.411(b)(3)- and other applicable sections and Federal Laws and Regulations:

43.      Lender failed to complied and follow the due diligence procedures detailed in federal regulations; none compliance could result in the loss of the federal guarantee.

44.      Lender failed to make a bankruptcy claim and proof of claim, within 30 days after the lender's receipt of the Notice of the First Meeting of Creditors within 30 days after the date the guarantor provided.

45.      Lender Failed to claim the guarantee of the loan with the allotted time the loan was in default for more than 360 days

46.      Lender failed to prepare a claim, the lender must file a proof of claim with the bankruptcy court for all "asset" cases (as instructed on the Notice) and include a

8

copy of the proof of claim and all other pertinent documents sent to or received from the bankruptcy court in the claim file. Lender failed to complied and follow the due diligence procedures detailed in federal regulations; noncompliance could result in the loss of the federal guarantee.

47.     Upon claim payment, the guarantor must file a Transfer of Claim Other Than for Security form with the court to complete the transfer of the proof of claim. Once the court processes the

48.     As a direct and proximate result of the above violations, Garcia has suffered symptoms of emotional distress, damages, and is entitled to recover compensatory damages, statutory damages, and costs and attorney's fees.

49.     WHEREFORE, Plaintiff Jesus A. Garcia respectfully requests that this Court enter judgment in his favor against Defendant Windham Professionals, Inc., as follows:

A       A declaratory judgment that Defendant's conduct violated the FDCPA;

B.      An order from this court to immediately discharge and dismiss the Garnishment proceedings.

C.      Statutory and compensatory damages as provided by Section 1692k of the FDCPA;

D.      Attorneys' fees, litigation expenses, and costs; and

E.      Such other and further relief as the Court may deem just and proper.

Demand for Jury Trial

Please take notice that Plaintiff Garcia demands a trial by jury in this action.

Certificate of Service

By: _____

Jesús A. García
18923 NW 45 ave.
Miami Florida 33052
786-356-1120

Service via the Notice of Electronic Filing

I HEREBY CERTIFY that on this 23 day of April, 2013 the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day upon the parties in the Service List using the manner specified.

Respectfully submitted,

NELNET, INC.
DUNLAP, MICHAEL S
121 S. 13TH ST STE 201
LINCOLN, NE 68508

WINDHAM PROFESSIONALS INC.
ZALDASTANI, ERIN W
380 MAIN STREET
SALEM, NH 03079